STEVENS *v.* STOTT.

1. BROKERS—VENDOR AND PURCHASER—STATEMENTS AS TO PRICE.
   In action by vendor against purchasers to recover payments due under land contract, statement by broker who held option to purchase property at $1,000 per acre, which included agreement between him and vendor to divide equally all received above it, that property could not be obtained at less than $1,200 per acre, *held,* no defense, since broker was in a position to set the price whether he was acting under the exercised option or as sales agent.

2. VENDOR AND PURCHASER—MISREPRESENTATIONS OF COPURCHASER.
   In action by vendor against purchasers for payments due under a land contract, alleged misrepresentations by copurchaser who assigned his interest to defendant and representation to latter that no commission was to be paid, whereas it is claimed copurchaser was paid a commission, *held,* no defense.

Appeal from Wayne; Brennan (John V.), J., presiding. Submitted January 15, 1935. (Docket No. 89, Calendar No. 38,172.) Decided March 5, 1935.

Assumpsit by Fannie Stevens against Ernest C. Stott and others for payments due on land contract. Judgment for plaintiff. Defendants Ernest C. Stott and Bertha A. Stott appeal. Affirmed.

*Beaumont, Smith & Harris (Stewart R. Boyer,* of counsel), for plaintiff.

*Edward A. Attix,* for defendants Stott.

WIEST, J. This is an action to recover payments due upon a land contract.

Trial was commenced before a jury and, at the close of proofs, both parties moved for directed verdicts. The court entered judgment for plaintiff in the sum of $39,548.17, the amount conceded to be due on the land contract.

Defendants alleged fraud in inducing them to enter into the contract, claiming that plaintiff gave William B. Anderson a broker's agency to sell the property and that Anderson and Franklin Edwards conspired together to secure from defendants a higher price for the land than that asked by the plaintiff; that Edwards was, in fact, agent for plaintiff and became a purchaser along with defendants in order to perpetrate the fraud relative to the price, and that plaintiff benefited by the fraud.

The court found that the agreement between plaintiff and Anderson was an option contract and not one of agency and that neither Anderson nor Franklin Edwards was an agent of plaintiff; that the allegations of fraud were not sustained and the contract was fair and in accordance with the agreement between the parties; that no fraud was claimed or dissatisfaction expressed by defendants until suit was commenced to recover payments past due and then land values had greatly depreciated. Anderson and Edwards died before the case was heard in the court below.

August 25, 1926, plaintiff and her husband, owners by entireties of 97 acres of land in Oakland county, gave William B. Anderson an option to purchase the property at $1,000 per acre and $2,000 for the buildings. The option also provided:

"It is understood and agreed that the party of the second part (Anderson) in case said property is sold for more than $1,000 per acre, that then and in this event all in excess of said $1,000 per acre price

is to be divided with the parties of the first part on a fifty-fifty basis.''

Mr. Anderson was a real estate broker. Was the instrument an option only or also a listing? It must be said to partake of both characters unless and until rendered single by acts thereunder.

February 21, 1927, Mr. Anderson, by written notice, exercised the option, and thereby rendered the instrument an exercised option. That same day Mr. Anderson gave Franklin Edwards and Ernest C. Stott a receipt for $1,000 to apply as initial payment on purchase of the property by them at $1,200 per acre, plus $2,000 for the buildings, setting forth, among other terms of sale, the following:

''It is understood that on or before February 26th that a preliminary agreement embodying all of the above shall be entered into by the signer of this receipt or the owner of the property and the parties this day making the payment of $1,000.''

May 7, 1927, plaintiff, as vendor (her husband having died), entered into a land contract with defendants and Franklin Edwards, as vendees, for sale of the property to them upon the terms therein specified. November 20, 1928, Edwards assigned his contract interest to defendant Ernest C. Stott, who assumed Edwards' liability and plaintiff gave her consent thereto. Mr. Edwards, who was in the employ of Judson Bradway Company, realtors, induced Mr. Stott to make the contract purchase, and made certain representations, claimed by defendants to have been fraudulent, but not discovered by them until this suit was brought. On May 26, 1927, Mr. Anderson sent his check for $5,975.16 to Judson Bradway Company, the amount of this check was credited to plaintiff as commission on sale of the

real estate and divided between Edwards and Judson Bradway Company. The check was not received from plaintiff, nor did she sign it.

May 31, 1927, it was agreed between plaintiff and Mr. Anderson, after reciting the giving of the option:

"Whereas, in said option the party of the first part in addition to the 5 per cent. discount allowed on the $1,000 per acre price agreed to divide with the said William B. Anderson on a fifty-fifty basis on all received for said farm in excess of $1,000 per acre, and

"Whereas on the 7th day of May, 1927, the said party of the first part, Fannie Stevens, executed a land contract on above described parcel of land with Ernest C. Stott, a single man, Bertha A. Stott, Ethel Stott Kingsley, and Franklin Edwards on a basis of $1,200 per acre on terms and conditions of payment as are therein more fully set forth in said land contract, and

"Whereas the first payment of said land contract has been made on said contract as therein provided for and the first payment is to be turned over to the said Fannie Stevens, and the said Fannie Stevens is desirous of protecting the interest of the party of the second part to this agreement inasmuch as the party of the second part to this agreement did not join with the said Fannie Stevens in the land contract dated the 7th day of May, 1927, between herself, as party of the first part and Ernest C. Stott *et al.*, parties of the second part. Now, therefore, it is agreed by and between the parties hereto as follows, to-wit:

"1. Party of the first part hereby pays to William B. Anderson the 5 per cent. discount allowed the said William B. Anderson in the option dated the 25th day of August, 1926, which 5 per cent. discount amounts to $4,895.97, and in addition thereto hereby pays to the said William B. Anderson the

sum of $1,958.38 which is his portion of the realized profit earned to date figured on a fifty-fifty basis on the amount received for said land which was sold for $1,200 per acre, and hereby agrees that when the payments are made as provided in the land contract or when made at the option of Ernest C. Stott *et al.,* or his assigns as provided in the land contract hereinabove referred to, to her by the said Ernest C. Stott *et al.,* or his assigns that she will pay to the said William B. Anderson his portion of the profit plus accumulated interest on such portion of the unrealized profit upon receipt by her of the payments made on the contract.''

Whether, under the writings mentioned, Anderson was plaintiff's agent or not is of no consequence so far as it is claimed that representations were made by him. The charge is that he stated to Mr. Stott that:

''He had the property for sale at $1,200 an acre, that he could sell it at that price, and if this sale did not go through the seller was going to raise it, raise the price to $1,500 an acre. He added $2,000 for the buildings and he said the sellers would not sell the farm unless they got $2,000 for the buildings and the buildings were worth more than that, $8,000. He also said that was the very lowest price he could sell it at and it was a good buy for any one who could get it at that price.''

Whether Anderson was acting under exercised option or as sales agent, he was in a position to set the price and say it could not be obtained for less. The rest of the statement was sales talk to a man who was not a novice.

It is claimed that Edwards induced defendants to make the purchase by representing that it was a good buy, and he would take a 25 per cent. interest as a joint buyer; that no commission was to be

paid, and before the purchase Edwards stated he could not take a 25 per cent. interest but would take and did take a 15 per cent. interest and later on, as before mentioned, sold such interest to defendant Ernest Stott.

It is claimed that Edwards did receive a commission and then unloaded his interest and there was a conspiracy to such end between Edwards and Anderson.

Plaintiff was not concerned with the deal between Edwards and Stott, nor can she be held responsible for misrepresentations, if any, made by Edwards to his associate purchaser. The representation by Edwards, if made, that no commission was to be paid was not such a representation as would release defendants from their obligation to respond according to their contract with plaintiff.

Defendants made payments on the land contract but, in 1931, because of the financial crash and depreciation in value of the property for the purposes of platting it into lots, asked plaintiff to modify the terms, and this plaintiff declined to do.

Judgment is affirmed, with costs against defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.